UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY N. GREEN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>L. MILUSNIC, Warden,<br><br>　　　　　Respondent. | No. CV 14-629 JGB (FFM)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

## I. BACKGROUND

Petitioner Judy N. Green, a prisoner in the custody of the United States Penitentiary-Victorville located in Adelanto, California, challenges a conviction in the United States District Court for the Northern District of California (Case No. CR 05-0208 WHA) by means of these proceedings. On or about January 20, 2014, petitioner constructively filed an action styled as "Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241)" (hereinafter "Petition").

Petitioner challenges her conviction and sentence on a number of grounds all of which (with the exception of Grounds Eight, Nine and Ten, which appear to challenge the District Judge's denial of petitioner's 2255 motion and denial of a Certificate of Appealability) relate to the trial and pretrial proceedings which took place in 2007 and 2008.

///

## II.  DISCUSSION

**A.  Subject Matter Jurisdiction**

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of [his] detention." *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Pursuant to 28 U.S.C. § 2244(b), a petitioner may not file a second or successive § 2255 motion without first obtaining authorization by the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999). The circuit court will not authorize a second or successive petition unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable, or
>
> (B)(i) the factual predicate of the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). *Moore*, 185 F.3d at 1055.

The rules, however, provide an escape hatch or safety clause to this procedural bar. A federal prisoner may file a habeas petition pursuant to § 2241 to contest the legality of his sentence or conviction where his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Hernandez v. Campbell*, 204 F.3d 861, 864-65 (9th Cir. 2000); *United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997). The procedural bar from raising second or successive § 2255 motions, however, does not render a § 2255 remedy inadequate or ineffective. *Lorentsen*, 223 F.3d at 953; *Moore*, 185 F.3d at 1055. Rather, § 2255 may provide an inadequate or ineffective remedy

when the petitioner:  (1) claims actual innocence; and (2) has never had an "unobstructed procedural shot" at presenting the claim.  *Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (adopting the two-part test used by other circuits).  In determining whether a petitioner had an unobstructed procedural shot to pursue a claim, the court examines whether:  (1) the legal basis of the claim did not arise until after he exhausted the direct appeal and § 2255 motion; and (2) the law changed in any way relevant to a petitioner's claim after the § 2255 motion.  *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008).

Thus, a court must first determine whether jurisdiction is proper, by determining whether the application is filed pursuant to § 2241 or § 2255, before proceeding to the merits.  *Id.* at 961-62 (affirming the district court dismissal of the § 2241 habeas petition for lack of jurisdiction because it was actually a § 2255 motion); *Hernandez*, 204 F.3d at 865 (remanding the case to the district court to conduct a jurisdictional determination).

### 1. The Petition Does Not Appear to Fall Under the Escape Hatch

The Court need not address whether petitioner raises an actual innocence claim if petitioner, in any event, cannot show that she never had an unobstructed procedural shot at raising her claims.  In order for petitioner to make such a showing, she must establish that she has never had the opportunity to raise her claims by motion.  *Ivy*, 328 F.3d at 1060.  The Petition does not explain why petitioner could not have raised her claims in a previous § 2255 motion.  Accordingly, it does not appear that the Petition falls within the escape hatch.

### 2. The Court Appears to Lack Jurisdiction Over the Petition

If the escape hatch does not apply, petitioner's filing must be treated as § 2255 motion.  As the custodial court, the Court does not have jurisdiction over such a motion.  Jurisdiction for § 2255 motions lies in the district where the petitioner was sentenced.  *Hernandez*, 204 F.3d at 864.  Given that petitioner previously has pursued a § 2255 motion and has not obtained authorization from the court of appeals to pursue

1 a successive § 2255 motion, it would be futile for this Court to transfer the matter to
2 the sentencing court. Therefore, dismissal of the Petition without prejudice for lack of
3 jurisdiction appears to be appropriate.

**B.    Before Dismissing the Petition, the Court Will Provide Petitioner with an Opportunity to Demonstrate that the Escape Hatch Applies.**

Petitioner should be given an opportunity to demonstrate why the Petition should not be dismissed before he suffers dismissal. Therefore, petitioner is ordered to show cause in writing, if any she has, why the Petition should not be dismissed for lack of jurisdiction within 21 days of the date of this order. If petitioner does not timely demonstrate such cause, the Court will issue a Report and Recommendation recommending that the Petition be dismissed without prejudice for lack of jurisdiction.

DATED: February 5, 2014

                                                  /S/ FREDERICK F. MUMM
                                                    FREDERICK F. MUMM
                                        United States Magistrate Judge