O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY N. GREEN,<br><br>        Petitioner,<br><br>    v.<br><br>L. MILUSNIC, Warden,<br><br>        Respondent. | No. CV 14-629 JGB (FFM)<br><br>ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records and files herein, the Report and Recommendation of the United States Magistrate Judge, and Petitioner's Objections.

In her Objections, Petitioner insists that she has never had an unobstructed opportunity to assert her many ineffective assistance of counsel claims because the district court erroneously concluded that those claims were procedurally barred. The district court's conclusion, according to Petitioner, conflicts with recent United States Supreme Court precedent holding that, in some circumstances, the ineffective assistance of state post-conviction relief counsel can serve as cause to excuse the procedural default of an ineffective assistance of trial counsel claim. *Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1315, 182 L. Ed. 2d 272 (2012); *see also Trevino v. Thaler*, __ U.S. __, 133 S. Ct. 1911, 185 L. Ed. 2d 1044 (2013).

/ / /

/ / /

Petitioner's arguments, however, overlook one critical fact that makes *Martinez* and *Trevino* inapplicable to this case – namely, that the district court did not find that Petitioner's ineffective assistance of counsel claims were procedurally barred. Instead, the district court addressed the merits of those claims and concluded that each such claim failed on its merits. Although the district court found that two of Petitioner's claims were procedurally barred, neither of those claims involved a challenge to the performance of Petitioner's counsel. Instead, one of the claims involved a purported speedy trial violation, and the other claim involved a purported double jeopardy violation. (*See* Pet.'s Resp. to OSC, Attach. 3 at 4, 9 (Order Denying Petitioner's § 2255 Motion).) Accordingly, the record shows that Petitioner did, in fact, have an unobstructed shot at asserting her ineffective assistance of counsel claims. Consequently, none of those claims fits within § 2255's escape hatch.

Moreover, there is no merit to Petitioner's claim that she is actually innocent of the crimes of which she was convicted. Although Petitioner maintains her innocence, she alleges no actual facts to show her innocence. Instead, she contends that her counsel committed countless errors in defending the charges against her and that, had counsel performed more effectively, the jury would have found Petitioner not guilty of the charged crimes. In other words, her actual innocence argument is merely a re-hash of the ineffective assistance of counsel claims that the district court found to be lacking in merit. Put simply, Petitioner's allegations of attorney error have already been rejected on their respective merits and are insufficient to establish actual innocence.

Finally, there is likewise no merit to Petitioner's claims that changes in the law since her conviction render her actions non-criminal. Indeed, Petitioner offers no actual explanation of precisely how the cited changes in law affect her conviction. And, if Petitioner is challenging her conviction based on a new rule of constitutional law, any such challenge would have to be asserted in a § 2255 action, not a § 2241 action.

///

Accordingly, after having considered the arguments above and all other arguments raised by Petitioner in her Objections, the Court concurs with and accepts the findings, conclusions and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that Judgment be entered dismissing this action with prejudice.

DATED: May 20, 2014

JESUS G. BERNAL
United States District Judge